QUESTIONS:
1. May a county commissioner who is an insurance broker accept a share of the insurance premiums paid by the county to another insurance firm in accordance with the policy to share pro rata among all the insurance firms in the county the premium on county insurance?
2. May a county commissioner who is an insurance broker write bonds and other insurance for county officials other than the board of county commissioners?
SUMMARY:
Section 112.314(1), F.S., does not prohibit a county commissioner who is an insurance broker from participating in the insurance premiums paid by the county to another insurance firm in accordance with the custom or policy to divide such premium among the insurance firms in the county; nor would this statute prohibit him from selling insurance to county officials other than the board of county commissioners. A sworn statement disclosing an interest in an insurance firm should be filed, as required by s.112.313(2), id.
Your questions are answered in the affirmative.
AS TO QUESTION 1:
The Standards of Conduct Law, s. 112.314(1), F.S., prohibits a public body from entering into a business transaction with a business entity in which one of its members has an interest as officer, director, agent, member, or owner of a controlling interest. Here, however, the county commissioner in question has not contracted, as an insurance broker, with the board; he or his firm merely shares in the premium, along with other insurance firms in the county, in accordance with a policy which has been established by the insurance firms themselves — not by the county commissioners.
I have not overlooked the rule that public officials cannot do indirectly what they are prohibited from doing directly. IDS Properties, Inc. v. The Town of Palm Beach, 279 So.2d 353 (4 D.C.A. Fla., 1973). But the fact that a portion of all insurance premiums payable by the county to a particular insurance company is routinely divided, according to a rule adopted by the insurance companies themselves, among all the companies in the county, does not, in my opinion, constitute doing "indirectly what they are prohibited from doing directly." The distribution of the proceeds of the firm's insurance contract with the county to other insurance firms in the area is not a "business transaction" with the county, either directly or indirectly, under the letter of the law; nor does it seem to me to be within the prohibition of the spirit and intent of the law — which is to prohibit any possibility of using official influence for private gain.
In these circumstances, I can find no violation of the law.
AS TO QUESTION 2:
The prohibition of the statute relates to business transactions between a business entity in which a public officer has the designated interest and the public body of which he is a member. It does not, therefore, prohibit a business transaction between such business entity and an entirely different public body of which he is not a member.
Your attention is directed to s. 112.313(2), F.S., requiring a public officer or employee to file a sworn statement disclosing an interest in a business entity which is subject to the regulation of or has substantial business commitments from the state or a local governmental agency. If the county commissioner in question does business as an insurance broker in the name of a firm, he should disclose such interest in accordance with the statutory requirements.